# EXHIBIT 1

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

AUG 4 '22 14:52

WRIT   OF   SUMMONS   (Private   Process)
Case Number: 24-C-22-002579 OG
C I V I L
Helen M Washington vs Baltimore City Police Department, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

```
     To: MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE
Serve On: James L. Shea, City Solicitor Balt. City Law Dept.
          100 N Holliday St.
          Baltimore, MD 21202
```

You are hereby summoned to file a written response by pleading or motion, within 30   days after service of this summons upon you, in this court, to the attached Complaint filed by:   Helen M Washington
9822 Decatur Rd.
Middle River, MD 21220

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:   06/09/22

Marilyn Bentley
Clerk of the Circuit Court    per  LT

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

AUG 4 '22 14:52

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **HELEN M. WASHINGTON**<br>9822 Decatur Road<br>Middle River, Maryland 21220<br><br>*Plaintiff*,<br><br>v.<br><br>**BALTIMORE CITY POLICE DEPARTMENT**<br>601 E Fayette St.<br>Baltimore, Maryland 21202<br><br>Serve: Michael S. Harrison<br>Commissioner of Baltimore City<br>Police Department<br>601 E. Fayette St.<br>Baltimore, Maryland 21202<br><br>and<br><br>**MICHAEL S. HARRISON**<br>in his official capacity as<br>Commissioner of Baltimore City<br>Police Department<br>601 E. Fayette St.<br>Baltimore, Maryland 21202<br><br>and<br><br>**MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE**<br>100 N. Holliday St.<br>Baltimore, Maryland 21202<br><br>Serve: James L. Shea<br>City Solicitor<br>Baltimore City Law Department<br>100 N. Holliday St.<br>Baltimore, Maryland 21202<br><br>*Defendants*. | Civil Case No.: _____ |

1

## COMPLAINT AND JURY DEMAND

Plaintiff, Helen M. Washington, by and through undersigned counsel, Levi S. Zaslow and Smithey Law Group LLC, submits this Complaint, files this lawsuit, and sues Defendants Baltimore City Police Department, Michael S. Harrison in his official capacity as Commissioner of Baltimore City Police Department, and the Mayor and City Council of the City of Baltimore (collectively "Defendants"), and as cause therefor states the following:

## JURISDICTION AND VENUE

1. All material events occurred in Baltimore City, Maryland. Venue is proper pursuant to Md. Code Ann., §§ 6-201 and 6-202 of the Courts and Judicial Proceedings Article.

2. This Court has jurisdiction under C.J.P. §§ 6-102 through § 6-103.

3. Plaintiff complied with any and all conditions precedent to filing suit in this matter. Plaintiff filed a timely Charge of Discrimination in the EEOC, exhausted her administrative remedies in the EEOC, and the EEOC issued a Notice of Suit Rights on March 9, 2021.

## PARTIES

4. Plaintiff Helen M. Washington is an adult resident of the State of Maryland, currently residing in Baltimore County at 9822 Decatur Road, Middle River, Maryland 21220.

5. Defendant Baltimore City Police Department ("BPD") is a governmental entity with the capacity to be sued. BPD maintains a principal address of 601 E. Fayette St., Baltimore, Maryland 21202.

6. Michael S. Harrison is the Commissioner of the Baltimore City Police Department and maintains a business address of 601 East Fayette St., Baltimore, Maryland

2

21202. The Commissioner supervises the affairs and operations of the Baltimore City Police Department, including its policies, practices, and actions.

7. The Mayor and City Council of the City of Baltimore is a body corporate and politic with the capacity to be sued. The Mayor and City Council of the City of Baltimore maintains a principal address of 601 E. Fayette St., Baltimore, Maryland 21202.

## FACTS

8. Plaintiff began her employment with Defendants in January 2003 as a Crime Lab Technician.

9. Plaintiff is an experienced chemist, including a degree in chemistry from University of Maryland Baltimore County in 1994.

10. In 2015 Plaintiff moved to the Science Management Service Division of the BPD where she has worked ever since.

11. Plaintiff was over the age of forty at all relevant times and was fifty-five at the time of the unlawful actions described in this Complaint.

12. Plaintiff worked in the Drug Lab and has been a Forensic Scientist I ("FS I") at all relevant times.

13. At all relevant times Plaintiff was meeting the reasonable expectations of her employer.

14. In fact, Plaintiff received positive performance reviews and never received a poor evaluation at any time.

15. In fact, Plaintiff was such an effective forensic scientist, that when she was a trainee, she discovered a major error in an urgent court drug case that that was analyzed by Ayesha Larkins, Forensic Scientist III and Quality Assurance Assistant.

3

16. In March 2017, Plaintiff filed a disability Charge of Discrimination against Defendants in the EEOC. The Charge was delivered to Defendants in October 2017.

17. Just one month later, in November 2017, Defendants stated that Plaintiff would be required to take a Drug Analysis Proficiency Test on or before December 5, 2017.

18. After Plaintiff took the test, on December 1, 2017, she was told by her supervisory, Bernadette Height, that her proficiency tests results were correct.

19. On December 5, 2017 Plaintiff was told that her test results were incorrect.

20. However, Plaintiff was able to satisfactorily identify all three drugs required to be examined in the test. Defendants advised that Plaintiff failed because of the "wording" she used and found more drugs in the analysis than was required. Thus, because Plaintiff accurately found more drugs in the analysis than what was requested, Defendants claimed she failed.

21. Stated otherwise, Defendants advised that Plaintiff failed the examination because she performed too well on the test.

22. At the time Plaintiff took the test, Francis Seilenga (also an FS I), took the exam.

23. Mr. Seilenga, who is much younger than Plaintiff and in his 30s, failed the exam and was unable to identify all three drugs in the test.

24. Defendants permitted the younger individual to retake the test, re-run his samples using the correct drug method, and identify the drugs using the correct analysis.

25. Therefore, Mr. Seilenga was permitted to correct his test and pass.

26. Plaintiff immediately and promptly requested the same treatment. However, Defendants refused to allow Plaintiff to "correct" her test like they did for the younger Mr. Seilenga stating it was "too late" – although Plaintiff made this request immediately.

4

27. Numerous other, younger, Forensic Scientists are routinely allowed to "correct" or retake proficiency exams. However, Defendants refused to allow Plaintiff to do so, despite Plaintiff accurately identifying all three drugs as required.

28. Plaintiff is also aware that Rana DellaRocco, the then-Director of the Crime Lab, stated that she does not want people over 40 working in the lab.

29. After they refused to allow Plaintiff to "correct" her examination like they had for Mr. Seilenga, Defendants removed Plaintiff from the lab and assigned to the Administration Unit where she has remained to the present.

30. Plaintiff protested against the unlawful and unfair treatment but Defendants refused to treat Plaintiff equally and, in addition on in the alternative, retaliated against her.

31. Defendants have also failed to process Plaintiff's promotion to an FS II. However, Plaintiff completed all requirements to be an FS II.

32. Nevertheless, after the events described herein, Defendants failed to do so.

33. However, Defendants did process the younger Mr. Seilenga's promotion to an FS II and despite the fact that he failed the exam and was permitted to "correct" it.

34. Defendants have not even allowed Plaintiff to retake the Drug Analysis Proficiency Test. Instead, Defendants demanded that Plaintiff take a full course load of training and retake all FS I exams that Plaintiff has already passed. These include: Human Resources Training; the Laboratory Quality Assurance Manual; the Drug Analysis Standard Operating Procedures Manual; the Drug Analysis Technical Manual and Procedures; the Drug Analysis Training Manual Review; Laboratory Exercises, including g the Laboratory Procedure Refresher Manual and the Assignment of Practice Samples; and a Competency Test.

35. However, Plaintiff previously met all requirements and there is no basis for Plaintiff to retrain and retake all exams.

36. Just as notably, this training did not involve just heroin and cocaine training, which is what the underlying test involved. Likewise, the examinations didn't involve cocaine and heroin. Instead, it was a full course load of materials unrelated to the examination that Plaintiff satisfactorily completed (and in any event was not permitted to "correct" like her younger counterpart). This is despite Defendants having trainings and examinations directed to those specific purposes.

37. At the time of the unlawful activities, Plaintiff was fifty-five years old.

38. Plaintiff was singled out and subjected to unfair and unequal treatment as compared to her younger counterparts.

39. Defendants further retaliated against Plaintiff due to her protected activities of filing her Charge of Discrimination in 2017, which was delivered to Defendants just one month before the unlawful actions, and following her protest of Defendants' unlawful activities.

40. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

## COUNT I
### Age Discrimination in Employment Act (ADEA)

41. Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff is at least forty years old.

43. Plaintiff suffered an adverse employment action, including removal from the Drug Lab into administrative duties, failure to promote to FS II, loss of pay, and other losses.

44. Plaintiff was performing at a level that met her employer's legitimate expectations at all relevant times. In fact, Plaintiff received positive performance reviews and never received a poor evaluation at any time.

45. Similarly-situated employees younger than forty years of age received more favorable treatment. This include, but is not limited to, Mr. Seilenga as described in this Complaint.

46. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $75,000, plus attorneys' fees, interest and costs, economic damages, non-economic damages, liquidated damages, punitive damages, and all available equitable and injunctive relief, including front and backpay, appropriate training, appropriate examination or re-examination, reinstatement or instatement into FS II, and such further and additional relief as the nature of this cause may require and which this Court shall deem just and proper.

## COUNT II
### Retaliation

47. Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Amended Complaint as though fully set forth herein.

48. Plaintiff filed a Charge of Discrimination with the EEOC in March 2017.

49. Defendants received Plaintiff's Charge of Discrimination in October 2017.

50. Just one month later, in November 2017, Defendants stated that Plaintiff would be required to take a Drug Analysis Proficiency Test on or before December 5, 2017.

51. However, Plaintiff was able to satisfactorily identify all three drugs required to be examined in the test. Defendants advised that Plaintiff failed because of the "wording" she used

and found more drugs in the analysis than was required. Thus, because Plaintiff accurately found more drugs in the analysis than what was requested, Defendants claimed she failed.

52.  Stated otherwise, Defendants advised that Plaintiff failed the examination because she performed too well on the test.

53.  Defendants permitted the younger individual to retake the test, re-run his samples using the correct drug method, and identify the drugs using the correct analysis.

54.  Therefore, Mr. Seilenga was permitted to correct his test and pass.

55.  Plaintiff protested against the unlawful and unfair treatment but Defendants refused to treat Plaintiff equally and, in addition on in the alternative, retaliated against her.

56.  After they refused to allow Plaintiff to "correct" her examination like they had for Mr. Seilenga, Defendants removed Plaintiff from the lab and assigned to the Administration Unit where she has remained to the present.

57.  As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $75,000, plus attorneys' fees, interest and costs, economic damages, non-economic damages, punitive damages, liquidated damages, and all available equitable and injunctive relief, including front and backpay, appropriate training, appropriate examination or re-examination, reinstatement or instatement into FS II, and such further and additional relief as the nature of this cause may require and which this Court shall deem just and proper.

Respectfully submitted,

*[signature]*

Levi S. Zaslow (CPF No. 0812180330)
SMITHEY LAW GROUP LLC
706 Giddings Ave #200
Annapolis, Maryland 21401
P: (410) 919-2990
F: (410) 280-1602
Levi.Zaslow@smitheylaw.com
*Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff demands a trial by a jury on all counts so triable.

*[signature]*

Levi S. Zaslow

IN THE CIRCUIT COURT FOR Baltimore City
(City or County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT   **CASE NUMBER** _____ (Clerk to insert)
**CASE NAME:** Helen M. Washington   vs.   Baltimore City Police Department, et al.
**PARTY'S NAME:** Helen M. Washington (Plaintiff)   **PHONE:** _____ (Defendant)
**PARTY'S ADDRESS:** 9822 Decatur Road, Middle River, Maryland 21220
**PARTY'S E-MAIL:** _____

**If represented by an attorney:**
**PARTY'S ATTTORNEY'S NAME:** Levi S. Zaslow   **PHONE:** (410) 919-2990
**PARTY'S ATTTORNEY'S ADDRESS:** 706 Giddings Ave #200, Annapolis, Maryland 21401
**PARTY'S ATTTORNEY'S E-MAIL:** Levi.Zaslow@smitheylaw.com

**JURY DEMAND?** ☐ Yes ☒ No
**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  3  days

### PLEADING TYPE
**New Case:** ☒ Original       ☐ Administrative Appeal       ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specfic Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Forclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☒ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assupmtion of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Remova
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 10/2021)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☒ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☒ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☒ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated Liability above*, mark one of the following. This information is *not* an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) | | | |
|---|---|---|---|
| ☐ Under $10,000 | ☐ $10,000 - $30,000 | ☐ $30,000 - $100,000 | ☒ Over $100,000 |
| ☐ Medical Bills $ _____ | ☐ Wage Loss $ _____ | ☐ Property Damages $ _____ | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes  ☐ No            C. Settlement Conference    ☒ Yes  ☐ No
B. Arbitration      ☐ Yes  ☒ No            D. Neutral Evaluation        ☐ Yes  ☒ No

**SPECIAL REQUIREMENTS**

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

**ESTIMATED LENGTH OF TRIAL**

With the exception of Baltimore County and Baltimore City, please fill in the estimated *LENGTH OF TRIAL*.
*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less         ☐ 3 days of trial time
☐ 1 day of trial time              ☐ More than 3 days of trial time
☐ 2 days of trial time

**BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM**

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

**EMERGENCY RELIEF REQUESTED**

CC-DCM-002 (Rev. 10/2021)                     Page 2 of 3

| | |
|---|---|
| **COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)** | |

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☒ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Forclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

**CIRCUIT COURT FOR BALTIMORE COUNTY**

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

June 7, 2022
Date

Signature of Counsel / Party    0812180330
Attorney Number

706 Giddings Ave #200
Address

Levi S. Zaslow
Printed Name

Annapolis        MD        21401
City             State     Zip Code

CC-DCM-002 (Rev. 10/2021)        Page 3 of 3

AUG 4 '22 14:52

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **HELEN M. WASHINGTON**<br>9822 Decatur Road<br>Middle River, Maryland 21220<br><br>  *Plaintiff,*<br><br>  v.<br><br>**BALTIMORE CITY POLICE DEPARTMENT**<br>601 E Fayette St.<br>Baltimore, Maryland 21202<br><br>Serve:  Michael S. Harrison<br>          Commissioner of Baltimore City<br>          Police Department<br>          601 E. Fayette St.<br>          Baltimore, Maryland 21202<br><br>and<br><br>**MICHAEL S. HARRISON**<br>in his official capacity as<br>Commissioner of Baltimore City<br>Police Department<br>601 E. Fayette St.<br>Baltimore, Maryland 21202<br><br>and<br><br>**MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE**<br>100 N. Holliday St.<br>Baltimore, Maryland 21202<br><br>Serve:  James L. Shea<br>          City Solicitor<br>          Baltimore City Law Department<br>          100 N. Holliday St.<br>          Baltimore, Maryland 21202<br><br>  *Defendants.* | Civil Case No.: _____ |

AUG 4 '22 14:52

# IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| HELEN M. WASHINGTON<br>9822 Decatur Road<br>Middle River, Maryland 21220<br><br>*Plaintiff,*<br><br>v.<br><br>**BALTIMORE CITY POLICE DEPARTMENT**<br>601 E Fayette St.<br>Baltimore, Maryland 21202<br><br>Serve:  Michael S. Harrison<br>        Commissioner of Baltimore City<br>        Police Department<br>        601 E. Fayette St.<br>        Baltimore, Maryland 21202<br><br>and<br><br>**MICHAEL S. HARRISON**<br>in his official capacity as<br>Commissioner of Baltimore City<br>Police Department<br>601 E. Fayette St.<br>Baltimore, Maryland 21202<br><br>and<br><br>**MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE**<br>100 N. Holliday St.<br>Baltimore, Maryland 21202<br><br>Serve:  James L. Shea<br>        City Solicitor<br>        Baltimore City Law Department<br>        100 N. Holliday St.<br>        Baltimore, Maryland 21202<br><br>    *Defendants.* | Civil Case No.: _____ |

## LINE TO ISSUE SUMMONS

**Dear Clerk:**

Please issue summonses for the above-named defendants and return them to the undersigned for service by private process.

Respectfully submitted,

Levi S. Zaslow (CPF No. 0812180330)
SMITHEY LAW GROUP LLC
706 Giddings Ave #200
Annapolis, Maryland 21401
P: (410) 919-2990
F: (410) 280-1602
Levi.Zaslow@smitheylaw.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR _____    AUG 4 '22 14:52
                                  (City or County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET
### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☐ PLAINTIFF  ☐ DEFENDANT     CASE NUMBER _____ (Clerk to insert)
CASE NAME: _____Plaintiff_____ vs. _____Defendant_____
PARTY'S NAME: _____   PHONE: _____
PARTY'S ADDRESS: _____
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTTORNEY'S NAME: _____   PHONE: _____
PARTY'S ATTTORNEY'S ADDRESS: _____
PARTY'S ATTTORNEY'S E-MAIL: _____

JURY DEMAND? ☐ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☐ No  If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: _____ hours _____ days

### PLEADING TYPE
**New Case:** ☐ Original          ☐ Administrative Appeal     ☐ Appeal
**Existing Case:** ☐ Post-Judgment     ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specfic Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Forclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assupmtion of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Remova
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 10/2021)                    Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☐ Over $100,000 |
| ☐ Medical Bills $ _____    ☐ Wage Loss $ _____    ☐ Property Damages $ _____ |
| **ALTERNATIVE DISPUTE RESOLUTION INFORMATION** |
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation          ☐ Yes  ☐ No              C. Settlement Conference   ☐ Yes  ☐ No |
| B. Arbitration        ☐ Yes  ☐ No              D. Neutral Evaluation      ☐ Yes  ☐ No |
| **SPECIAL REQUIREMENTS** |
| ☐  If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐  If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |
| **ESTIMATED LENGTH OF TRIAL** |
| *With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.* |
| *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less          ☐ 3 days of trial time |
| ☐ 1 day of trial time               ☐ More than 3 days of trial time |
| ☐ 2 days of trial time |
| **BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM** |
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.* |
| ☐ **Expedited** - Trial within 7 months of Defendant's response      ☐ **Standard** - Trial within 18 months of Defendant's response |
| **EMERGENCY RELIEF REQUESTED** |

**CC-DCM-002** (Rev. 10/2021)                    Page 2 of 3

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) | |
|---|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* | |
| ☐ **Expedited** - Trial within 7 months of Defendant's response | ☐ **Standard** - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Forclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

_____        _____
Date                          Signature of Counsel / Party        Attorney Number

_____        _____
Address                       Printed Name

_____
City     State    Zip Code

CC-DCM-002 (Rev. 10/2021)          Page 3 of 3