IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| HELEN M. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-cv-02212-LKG |
| ) | |
| v. ) | Dated:  September 28, 2023 |
| ) | |
| BALTIMORE CITY POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this employment discrimination action, Plaintiff, Helen M. Washington, alleges that the Defendants, the Baltimore City Police Department ("BPD"), Commissioner Michael S. Harrison and the Mayor and City Council of Baltimore, discriminated and retaliated against her upon the basis of age in connection with her employment with the BPD, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). *See generally*, ECF No. 1-1. The Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 17 and 17-1. The motion is fully briefed. ECF Nos. 17, 17-1, 21 and 24. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court: (1) **GRANTS** the Defendants' motion to dismiss and (2) **DISMISSES** the complaint.[1]

---

[1] Michael S. Harrison is sued in his official capacity as the Police Commissioner for Baltimore City. Mr. Harrison resigned from this position on or about June 8, 2023. Richard Worley is the current Acting Police Commissioner for the BPD. *See* https://www.baltimorepolice.org.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[2]

    A.     **Factual Background**

In this employment discrimination action, Plaintiff, Helen M. Washington, alleges that the Defendants discriminated and retaliated against her upon the basis of age in connection with her employment with the BPD, in violation of the ADEA. *See generally*, ECF No. 1-1. As relief, Plaintiff seeks to recover, among other things, front pay, back pay, certain injunctive relief, attorney's fees and costs. ECF No. 1-1 at Prayer for Relief.

Plaintiff's Employment History

As background, Plaintiff is a female over the age of 40, who resides in Baltimore County, Maryland. *Id.* at ¶¶ 4, 11. Plaintiff holds a degree in chemistry from the University of Maryland Baltimore County. *Id.* at ¶ 9.

In January 2023, Plaintiff commenced her employment with the BPD as a crime lab technician. *Id.* at ¶ 8. In 2015, Plaintiff moved to the BPD's Science Management Service Division, where she worked in the Drug Lab as a forensic scientist I ("FS I"). *Id.* at ¶ 10.

Plaintiff alleges that she was meeting the reasonable expectations of her employer at all times relevant to this dispute. *Id.* at ¶¶ 10, 13. In addition, Plaintiff was over the age of 40 at all times relevant to this dispute. *Id*.

The Plaintiff's Discrimination And Retaliation Allegations

In March 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission based upon disability. *Id.* at ¶ 16. Plaintiff alleges that her charge of discrimination was delivered to the Defendants in October 2017. *Id.* at ¶ 16. Plaintiff alleges that, after she filed her charge of discrimination, the Defendants discriminated and retaliated against her in several ways. *See generally*, ECF No. 1-1.

First, Plaintiff alleges that, in November 2017, Defendants "stated that [she] would be required to take a Drug Analysis Proficiency Test on or before December 5, 2017." ECF No. 1-1 at ¶ 17. Plaintiff also alleges that, after she took this test, her supervisor, Bernadette Height, told

---

[2] The facts recited in this memorandum opinion are taken from the complaint (ECF No. 1-1); the Defendants' motion to dismiss; and memorandum in support thereof (ECF Nos. 17 and 17-1).

her that the test results were correct. *Id.* at ¶ 18. But Plaintiff alleges that she was subsequently told that her test results were incorrect on December 5, 2017. *Id.* at ¶ 19.

Plaintiff alleges that the Defendants did not allow her to retake the Drug Analysis Proficiency Test, and that Defendants demanded that she take a full course load of training and retake all FS I exams. *Id.* at ¶¶ 26, 27, 34. Plaintiff also alleges that younger BPD employees were allowed to retake the Drug Analysis Proficiency Test after initially failing this test. *Id.* at ¶ 27. In this regard, Plaintiff alleges that Defendants allowed Francis Seilenga, a younger BPD employee who was also a FS I, to retake the test. *Id.* at ¶ 24. In addition, Plaintiff alleges that the Defendants have allowed other younger forensic scientists to retake their proficiency exams. *Id.* at ¶ 27.

Second, Plaintiff alleges that the Defendants discriminated and retaliated against her by failing to promote her to the position of FS II, despite having completed all the requirements for this position. In this regard, Plaintiff alleges that the Defendants processed Mr. Seilenga's promotion to the position of FS II, even though he initially failed the Drug Analysis Proficiency Test. *Id.* at ¶¶ 31, 33.

Lastly, Plaintiff alleges that the Defendants discriminated and retaliated against her by removing her from the BPD's Drug Lab. In this regard, Plaintiff alleges that the Defendants re-assigned her to the Administration Unit, after the Defendants refused to allow her to correct her Drug Analysis Proficiency Test. *Id.* at ¶ 56. In addition, Plaintiff alleges that the then-Director of the BPD's Crime Lab, Rana DellaRocco, stated that she did not want people over the age of 40 working in the Crime Lab. *Id.* at ¶ 28.

Plaintiff contends in this action that the Defendants have subjected her to "unfair and unequal treatment as compared to [her] younger counterparts." *Id.* at ¶ 38; ECF No. 21 at 4. And so, Plaintiff seeks to recover, among other things, back and front pay from the Defendants. ECF No. 1-1 at Prayer for Relief.

**B.   Procedural History**

Plaintiff commenced this action in the Circuit Court for Baltimore City, Maryland on June 9, 2022. ECF No. 1-1. Defendants removed the case to this Court on September 2, 2022. ECF No. 1.

On November 15, 2022, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 17 and 17-1. Plaintiff filed a response in opposition to the Defendant's motion on December 1, 2022. ECF No. 21. Defendants filed a reply in support of their motion on December 8, 2022. ECF No. 24.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.     LEGAL STANDARDS

#### A.     Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

#### B.     The ADEA

The ADEA prohibits employers from discriminating against employees or prospective employees because of the individual's age. 29 U.S.C. § 623(a). In this regard, the ADEA's protections apply to individuals at least 40 years of age and the statute does not permit "a mixed-motives age discrimination claim." *See* 29 U.S.C. § 631(a); *see also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 175 (2009).

To establish a prima facie case of discrimination based upon age, a plaintiff must show that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (outlining elements of prima facie case for age discrimination under the ADEA); *see also Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 541 (D. Md. 2015) (outlining same); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993); *Loose v. CSRA*, No. 19-2394, 2021 WL 4452432, at *2 (quoting *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)) ("To establish a prima facie failure to hire claim, Loose had to demonstrate that '(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.'"). In addition, a plaintiff must "establish that age was the 'but-for' cause of the employer's adverse action." *Gross*, 557 U.S. at 177; *see also Cole v. Fam. Dollar Stores of Maryland, Inc.*, 811 F. App'x 168, 172 (4th Cir. 2020) (citing *Gross*, 557 U.S. at 177-78) ("[A] plaintiff retains the ultimate burden to prove by a preponderance of the evidence that age or retaliation was the 'but-for' cause of the challenged employer decision."). Similar to claims brought under Title VII, a plaintiff may proceed under the *McDonnell Douglas* framework to establish a prima facie case of age discrimination under the ADEA. *See Laber v. Harvey*, 438 F. 3d 404, 430 (4th Cir. 2006) (en banc).

The Fourth Circuit has held that an adverse employment action is a discriminatory act, which adversely affects the "terms, conditions, or benefits" of employment. *James v. Booz–Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (internal quotations and citations omitted). And so, typically, an adverse employment action includes "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999).

The Supreme Court has held that, to show an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse . . . " *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). The Fourth Circuit has also explained that a reassignment does not constitute an adverse employment action, where the reassignment causes no reduction in compensation, job title, level of responsibility, or opportunity for promotion. *Boone*, 178 F.3d at

5

255; *see also James*, 368 F.3d at 376 ("The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action."). This Court has held, however, that a failure to promote is an adverse employment action. *See Smith v. Potomac Elec. Power Co.*, No. TDC-19-1764, 2020 WL 1904707, at *4 (D. Md. Apr. 17, 2020) ("Plaintiffs have alleged that employees in their job category were routinely denied opportunities for promotions and overtime, and they unfairly had their pay grades frozen. Where all of these actions have a direct impact on an employee's pay, these are exactly the kinds of actions that can give rise to claims of age discrimination."); *see also Burlington Indus. v. Ellerth*, 524 U.S. 742, 761-62 (1998) ("A tangible employment action in most cases inflicts direct economic harm" and "constitutes a significant change in employment status, such as . . . failing to promote . . . or a decision causing a significant change in benefits.").

To establish a prima facie case of retaliation under the ADEA, a plaintiff must demonstrate that: (1) she engaged in protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. *Laber*, 438 F.3d at 432; *see Carter v. Bell*, 33 F.3d 450, 460 (4th Cir. 1994). "It is well-established in the Fourth Circuit and elsewhere that the same adverse-action standard applies to both retaliation and discrimination claims." *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 424-25 (D. Md. 2006). This Court has also held that temporal proximity can establish a causal connection between the protected activity and the adverse action. *Anglemyer v. WCS Constr., LLC*, No. 8:18-cv-02198-PWG, 2019 WL 3458951, at *7 (citing *Blakney v. N.C. A&T State Univ.*, No. 17-874, 2019 WL 1284006, at *21 (M.D.N.C. Mar. 20, 2019) ("Courts often look to the temporal proximity to infer a causal connection between the protected activity and the retaliatory act.").

Lastly, a plaintiff need not establish a prima facie case of discrimination or retaliation under the ADEA to defeat a Rule 12(b)(6) motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015) (applying *Swierkiewicz* in a race discrimination case under Title VII); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam) (applying this rule in an ADEA case). Rather, a complaint states a claim, if it provides sufficient factual allegations to "support a reasonable inference that the decision makers were motivated by bias," even if the complaint does not specifically address each element of a prima facie case of

6

discrimination.  *McCleary-Evans*, 780 F.3d at 586; *see also Swierkiewicz*, 534 U.S. at 511 (holding that all elements of a prima facie case need not be proven if there is direct evidence of discrimination).

### IV.     ANALYSIS

Defendants have moved to dismiss Plaintiff's ADEA retaliation and discrimination claims in this matter, upon the grounds that:  (1) Plaintiff fails to state plausible ADEA retaliation claims, because she fails to allege an adverse employment action and has not shown that her age was the "but for" cause of the alleged adverse employment actions; and (2) Plaintiff fails to state plausible ADEA discrimination claims, because she fails to allege an adverse employment action and fails to adequately plead that similarly situated employees outside of her protected class received more favorable treatment.  ECF No. 17-1 at 5, 7-9.

Plaintiff counters that she states plausible ADEA discrimination and retaliation claims in this action, because:  (1) she has suffered an adverse employment action within the meaning of the ADEA; (2) she is not required to prove that her age was the "but for" cause of the alleged adverse employment actions at this stage of the litigation; and (3) she is not required to prove that similarly situated employees outside of her protected class received more favorable treatment to prevail on her ADEA discrimination claim.  ECF No. 21 at 6-15.  And so, Plaintiff requests that the Court deny the Defendants' motion to dismiss.

A careful reading of the complaint shows that Plaintiff alleges sufficient facts to show that she suffered an adverse employment action with regards to the Defendants' failure to promote her to the FS II position.  But, Plaintiff's work reassignment and the "forced" Drug Analysis Proficiency Test are not adverse employment actions under the ADEA.

In addition, Plaintiff has not alleged sufficient facts in the complaint to support a reasonable inference that the Defendants were motivated by age bias in deciding not to promote her to the FS II position, to support her ADEA retaliation and discrimination claims.  And so, for the reasons that follow, the Court: (1) GRANTS the Defendant's motion to dismiss; and (2) DISMISSES the complaint.

### A. Plaintiff States Plausible ADEA Claims Based Upon The Defendants' Failure To Promote Her To The FS II Position

As an initial matter, the Court is satisfied that Plaintiff has sufficiently alleged facts to show that she suffered an adverse employment action with regards to the Defendants' failure to promote her to the FS II position. To establish a prima facie case of discrimination or retaliation based upon her age, Plaintiff must show, among other things, that she was subjected to an adverse employment action. *Hill*, 354 F.3d at 285 (outlining elements of prima facie case for age discrimination under the ADEA); *see also Stoyanov*, 126 F. Supp. 3d at 541 (outlining same); *Laber*, 438 F.3d at 432 (To establish a prima facie case of retaliation under the ADEA, a plaintiff must demonstrate, among other things, that an adverse employment action was taken against her.). "It is well-established in the Fourth Circuit and elsewhere that the same adverse-action standard applies to both retaliation and discrimination claims." *Amirmokri*, 437 F. Supp 2d at 424-25.

In the complaint, Plaintiff alleges three separate adverse employment actions. First, Plaintiff alleges that, in November 2017, Defendants "stated that [she] would be required to take a Drug Analysis Proficiency Test on or before December 5, 2017." ECF No. 1-1 at ¶ 17. Second, Plaintiff alleges that the Defendants discriminated and retaliated against her by removing her from the BPD's Drug Lab and reassigning her to administrative duties. *Id.* at ¶ 29. Lastly, Plaintiff alleges that the Defendants also discriminated and retaliated against her by failing to promote her to the position of FS II, while promoting a younger employee to that position. *Id.* at ¶ 31.

As this Court has previously recognized, a failure to promote is an adverse employment action under Title VII and the ADEA. *See Smith*, 2020 WL 1904707, at *4 ("Plaintiffs have alleged that employees in their job category were routinely denied opportunities for promotions and overtime, and they unfairly had their pay grades frozen. Where all of these actions have a direct impact on an employee's pay, these are exactly the kinds of actions that can give rise to claims of age discrimination."). Given this, Plaintiff alleges sufficient facts in the complaint to show that she suffered an adverse employment action under the ADEA, based upon the Defendants' alleged failure to promote her to the FS II position.

But, the Court agrees with the Defendants that Plaintiff's work reassignment to the BPD's Administrative Unit and the requirement that Plaintiff take the Drug Analysis Proficiency Test are not adverse employment actions as contemplated by the ADEA. The Fourth Circuit has long held that an adverse employment action is a discriminatory act that adversely affects the "terms, conditions, or benefits" of employment. *James*, 368 F. 3d at 375. And so, typically, an adverse employment action would involve a "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." *Boone*, 178 F.3d at 255-56.

By comparison, a work reassignment that causes no reduction in compensation, job title, level of responsibility, or opportunity for promotion does not constitute an adverse employment action. *Id.* at 255; *see also James*, 368 F.3d at 376 ("The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action."). That is the kind of work reassignment that Plaintiff alleges occurred in this case. While Plaintiff alleges in this case that the Defendants discriminated and retaliated against her by reassigning her to the BPD's Administrative Unit, she does not allege that this new work assignment resulted in a reduction in her compensation, job title, level of responsibility, or opportunity for promotion. ECF No. 1-1 at ¶ 29. Given this, the Court agrees with the Defendants that Plaintiff's reassignment to the Administrative Unit is not an adverse employment action under the ADEA.[3]

Plaintiff also fails to allege facts to show that the Defendants' requirement that she take the Drug Analysis Proficiency Test constitutes an adverse employment action. Plaintiff alleges in the complaint that the Defendants required that she take this test in November 2017. *Id.* at ¶ 17. But, again, there are no allegations in the complaint to show that the taking of this test resulted in either a reduction in Plaintiff's compensation, benefits, job title, level of responsibility, or her opportunity for promotion. *See generally*, ECF No. 1-1. And so, taken as true, the allegations in the complaint simply do not show that Plaintiff suffered an adverse employment action under the ADEA with regards to this test.

---

[3] Plaintiff points to paragraph 29 of the complaint to show that she has alleged facts to show that her work reassignment resulted in the reduction in her compensation, benefits, job title, level of responsibility, or opportunity for promotion. ECF No. 21 at 8-9. But this paragraph simply alleges that the Defendants removed Plaintiff from the Drug Lab and reassigned her to the Administrative Unit. ECF No. 1-1 at ¶ 29.

Because Plaintiff fails to allege facts to show that either her work reassignment or the taking of the Drug Analysis Proficiency Test are adverse employment actions under the ADEA, the Court DISMISSES Plaintiff's ADEA claims based upon these alleged actions.

### B.   The Complaint Lacks Sufficient Factual Allegations To Support A Reasonable Inference That The Defendants Were Motivated By Bias

While Plaintiff sufficiently alleges facts to show that she suffered an adverse employment action with regards to her non-promotion, she, nonetheless, fails to state plausible ADEA claims based upon this alleged adverse employment action. To bring a disparate-treatment claim under the ADEA, Plaintiff must show, among other things, that age or retaliation was the "but-for" cause of the employer's adverse action. *Gross*, 557 U.S. at 177-78; *see also Cole*, 811 F. App'x at 172 (citing *Gross*, 557 U.S. at 177-78) ("[A] plaintiff retains the ultimate burden to prove by a preponderance of the evidence that age or retaliation was the 'but-for' cause of the challenged employer decision.").

The Court observes that Plaintiff need not establish a prima facie case of ADEA discrimination or retaliation to defeat the Defendants' Rule 12(b)(6) motion to dismiss. But she must, nonetheless, provide sufficient factual allegations to "support a reasonable inference that the decision makers were motivated by bias." *See Swierkiewicz*, 534 U.S. at 511; *McCleary-Evans*, 780 F. 3d at 584-85 (applying *Swierkiewicz* in a race discrimination case under Title VII); *see Buchanan*, 727 F. App'x at 641 (applying this rule in an ADEA case). Plaintiff has not satisfied this burden here.

A close reading of the complaint shows that Plaintiff fails to allege sufficient facts to support a reasonable inference that the Defendants were motivated by age bias in declining to promote her to the FS II position. As discussed above, Plaintiff alleges in the complaint that the Defendants discriminated and retaliated against her upon the basis of age, by failing to promote her to the position of FS II, while promoting a younger employee to that position. ECF No. 1-1 at ¶¶ 31-33.

To support these claims, the complaint contains the following factual allegations. First, Plaintiff alleges that the Defendants refused to promote her to the position of FS II, despite the fact that she completed all the requirements for this position. *Id.* at ¶ 31. Second, Plaintiff alleges that she was meeting the reasonable expectations of her employer. *Id.* at ¶ 13. Third,

10

Plaintiff alleges that the Defendants promoted a younger employee, Mr. Seilenga, to the FS II position, even though he initially failed the Drug Analysis Proficiency Test. *Id.* at ¶¶ 31, 33. Lastly, Plaintiff alleges that the then-Director of the BPD's Crime Lab, Rana DellaRocco, stated that she did not want people over the age of 40 working in the Crime Lab. *Id.* at ¶ 28.

Taken as true, these factual allegations do not support a reasonable inference that the Defendants were motivated by age bias in connection with their decision not to promote Plaintiff to the FS II position. Notably, the complaint lacks any facts to show that Plaintiff and Mr. Seilenga share similar professional qualifications, such as work experience, training and educational background, to plausibly show that Plaintiff's non-promotion was due to her age rather than other factors. *Id.* at ¶¶ 27, 31, 33. While Plaintiff does allege that a former Director of the BPD's Crime Lab, Rana DellaRocco, stated that she did not want people over the age of 40 working in the Crime Lab, the complaint is devoid of any facts to show when this statement was made, or whether Ms. DellaRocco had any decision-making role in Plaintiff's non-promotion to the FS II position. *Id.* at ¶ 28.

Plaintiff also alleges no facts in the complaint to show a connection between her failure of the Drug Analysis Proficiency Test and the Defendant's decision not to promote her to the FS II position. *See generally*, ECF No. 1-1. The complaint is equally silent about the qualifications, educational backgrounds and training of the other unidentified younger employees that Plaintiff alleges were permitted to re-take the Drug Analysis Proficiency Test. ECF No. 1-1 at ¶¶ 23, 24, 27.

Indeed, at bottom, the allegations in the complaint, when taken as true, simply show that the Defendants promoted a younger BPD employee to the FS II position, but declined to promote Plaintiff to that position. Such allegations, without more, are not sufficient to state a plausible claim under the ADEA. *McCleary-Evans*, 780 F. 3d at 584-85.

Because the allegations in the complaint, when construed in the light most favorable to Plaintiff, are not sufficient to plausibly state discrimination and retaliation claims under the ADEA, the Court must DISMISS these claims.[4]  Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

In sum, a careful reading of the complaint shows that Plaintiff alleges sufficient facts to show that she suffered an adverse employment action with regards to the Defendants' failure to promote her to the FS II position.  But, Plaintiff's work reassignment and the "forced" Drug Analysis Proficiency Test are not adverse employment actions under the ADEA.

Plaintiff also has not alleged sufficient facts in the complaint to support a reasonable inference that the Defendants were motivated by age bias in deciding not to promote her to the FS II position, to support her ADEA retaliation and discrimination claims.  And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendant's motion to dismiss; and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] The Defendants also persuasively argue that Plaintiff fails to state a plausible ADEA discrimination claim, because the complaint lacks sufficient facts to show that Plaintiff and Mr. Seilenga are similarly situated.  To establish a prima facie case of discrimination based upon age, Plaintiff must show that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment.  *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (outlining elements of prima facie case for age discrimination under the ADEA); *Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 541 (D. Md. 2015).  But, as discussed above, there are no facts in the complaint to show that Plaintiff and Mr. Seilenga share similar professional experiences, training and/or educational backgrounds.  ECF No. 17-1 at 8-9.